1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GREGORY SCOTT RING,

11              Plaintiff,              No. CIV S-10-3059 DAD P

12         vs.

13    STATE OF CALIFORNIA, et al.,

14              Defendants.            ORDER

15    _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18    This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19    302 and 28 U.S.C. § 636(b)(1).

20              Plaintiff has submitted an in forma pauperis application that makes the showing

21    required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22    pauperis.

23              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24    28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25    currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26    U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2

1    allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

2    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

3    doubts in the plaintiff's favor.   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4          The Civil Rights Act under which this action was filed provides as follows:

5          Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the

6          deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at

7          law, suit in equity, or other proper proceeding for redress.

8    42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

9    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.   <u>See</u>

10    <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

11    (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

12    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

13    omits to perform an act which he is legally required to do that causes the deprivation of which

14    complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15          Moreover, supervisory personnel are generally not liable under § 1983 for the

16    actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

17    defendant holds a supervisorial position, the causal link between him and the claimed

18    constitutional violation must be specifically alleged.   <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

19    (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory

20    allegations concerning the involvement of official personnel in civil rights violations are not

21    sufficient.   <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

22                          **PLAINTIFF'S COMPLAINT**

23          In his complaint, plaintiff has identified the State of California/California

24    Department of Corrections and Rehabilitation ("CDCR"), Anthony DeWeese, and Lieutenant

25    Ayers as the defendants in this action. Plaintiff alleges as follows. On or about March 29, 2009,

26    plaintiff attended a p-sap program and was talking to another inmate when inmate DeWeese

3

1   assaulted plaintiff and knocked him to the ground causing him to lose consciousness.  According

2   to plaintiff, defendant Ayers was in charge of the p-sap program and was responsible for ensuring

3   his safety at that time.  In terms of relief, plaintiff requests monetary damages.  (Compl. at 1-7.)

4   **DISCUSSION**

5           The allegations in plaintiff's complaint are so vague and conclusory that the court

6   is unable to determine whether the current action is frivolous or fails to state a claim for relief.

7   The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

8   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

9   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

10   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

11   with at least some degree of particularity overt acts which defendants engaged in that support his

12   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

13   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

14   amended complaint.

15           If plaintiff chooses to file an amended complaint, he must allege facts

16   demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal

17   constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

18   amended complaint must allege in specific terms how each named defendant was involved in the

19   deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

20   some affirmative link or connection between a defendant's actions and the claimed deprivation.

21   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

22   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

23   official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

24   F.2d 266, 268 (9th Cir. 1982).

25           Insofar as plaintiff wishes to proceed in this action on an Eighth Amendment

26   failure to protect claim, he is advised that "prison officials have a duty . . . to protect prisoners

1   from violence at the hands of other prisoners." <u>Farmer</u>, 511 U.S. at 833.  "Being violently

2   assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense

3   against society.'" <u>Id.</u> at 834.  However, prison officials do not incur constitutional liability for

4   every injury suffered by a prisoner.  <u>Id.</u>  A prison official violates the Eighth Amendment "only if

5   he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to

6   take reasonable measures to abate it." <u>Id.</u> at 847.  Under this standard, a prison official must

7   have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health

8   or safety. <u>Id.</u> at 834.  If plaintiff elects to file an amended complaint naming Lieutenant Ayers as

9   a defendant, he must allege facts demonstrating how Lieutenant Ayers actions rose to the level of

10  "deliberate indifference."  Plaintiff is cautioned that "prison officials who lacked knowledge of a

11  risk cannot be said to have inflicted punishment. . . ." <u>Id.</u> at 844.

12          As to the other defendants plaintiff has identified in this action, he is advised that

13  the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against

14  a state or state agency unless the state or the agency consents to such suit.  <u>See</u> <u>Quern v. Jordan</u>,

15  440 U.S. 332, 340 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978); <u>Jackson v. Hayakawa</u>,

16  682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, neither the State of California nor

17  CDCR has consented to suit.  Accordingly, if plaintiff names the state or CDCR again as

18  defendants in his amended complaint, the court will likely dismiss them.

19          In addition, under 42 U.S.C. § 1983, plaintiff has a right to be free from violations

20  of constitutional guarantees by those acting under color of state law.  <u>Van Ort v. Stanewich</u>, 92

21  F.3d 831, 835 (9th Cir. 1996).  However, plaintiff has no right to be free from infliction of such

22  harm by private actors.  <u>Id.</u>  Here, inmate DeWeese is a private actor who was not acting with

23  state or government involvement.  Accordingly, if plaintiff names inmate DeWeese again as a

24  defendant in his amended complaint and alleges only a claim against that private defendant for a

25  violation of plaintiff's constitutional rights, the court will likely dismiss that private defendant.

26          Plaintiff is informed that the court cannot refer to a prior pleading in order to

5

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's December 27, 2010 application to proceed in forma pauperis (Doc. No. 7) is granted.

2.  Plaintiff's January 27, 2010 application to proceed in forma pauperis (Doc. No. 9) is denied as unnecessary.

3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4.  Plaintiff's complaint is dismissed.

5.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

/////

/////

/////

1          6.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

2   civil rights action.

3   DATED: April 1, 2011.

4

5                                                    _____

6   DAD:9                                            DALE A. DROZD
    ring3059.14a                                     UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26